UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                               :

LARRY JONES,                                            :

                                    Petitioner,              :
                                                                    :                    05 Civ. 5338 (GEL)
                      -v-                           :
                                                                   :                    **OPINION AND ORDER**

KENNETH PERLMAN,                        :

                                    Respondent.           :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Larry Jones, a New York State prisoner, petitions for a writ of habeas corpus, challenging his conviction for burglary and resulting sentence of three and a half years in prison. Jones claims that "his mental state at the time rendered his plea involuntary." (Pet. ¶ 9(d).) The petition will be denied.

      On direct appeal, the Appellate Division affirmed the trial court's denial of Jones's motion to withdraw his plea, holding that "[t]he record contradicts defendant's conclusory claims and establishes that the plea was knowing, intelligent, and voluntary." People v. Jones, 778 N.Y.S.2d 277, 277 (1st Dep't 2004). Habeas corpus may only be granted if this decision was an "unreasonable application" of Supreme Court precedent or was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). The state courts' factual determinations must be presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

      The Supreme Court has held that a guilty plea is intelligent and voluntary when the defendant had the advice of counsel, understood the consequences of the plea, and was not

physically or mentally coerced. Parke v. Raley, 506 U.S. 20, 36 (1992). The state courts here cannot be said to have unreasonably applied this principle.

The transcript of Jones's plea discloses that he acted on the advice of counsel, who negotiated the disposition on his behalf. (Plea Tr., Gill Decl. Ex. A, at 2, 4.) His attorney stated, in Jones' presence, that Jones had "authorized [his attorney] to withdraw his previously entered plea of not guilty and enter a plea of guilty to the D felony, attempt[ed] burglary in the second degree . . . . Mr. Jones understands that the promise is a sentence of three and a half years." Jones then specifically confirmed, in response to the trial judge's questions, that he had "discussed this with [his] attorney," and that he "wish[ed] to withdraw [his] plea of not guilty and . . . plead guilty to attempted burglary in the second degree, a class D violent felony." (Id. at 4.) The judge continued to address Jones directly, advising him of the rights he was waiving, and asking him if he understood each right. Jones replied yes to every question. (Id. at 5.) The judge specifically asked Jones if he understood that the agreed and promised sentence was three and a half years, to be followed by a period of parole supervision and imposition of an order of protection. Jones agreed that he understood these consequences of his plea. (Id. at 5-6.) Jones also affirmed that he was pleading guilty of his own free will (id. at 5-6), that he had kicked down the door of his ex-girlfriend's apartment at midnight and entered without permission for the purpose of committing a crime (id. at 4-5), and that he had been previously convicted of a felony and did not wish to contest the constitutionality of that conviction. (Id. at 7-8.)

As the trial judge found in rejecting Jones's motion to withdraw his plea, the plea was favorable to Jones. He was offered the "minimum" sentence on a lesser count than the most serious crime charged, and accepted the plea on the morning that his case was ready to be tried.

2

(Sent. Tr., Gill Decl. Ex. C, at 2-3.) Jones's argument that the prosecutor had "tricked" him by not advising him that the charge was a Class D felony (id. at 4) is directly contradicted by the plea transcript, which shows that both his attorney and the judge told him exactly that. His claim that he was "not fully aware" of unspecified "circumstances involved" and "consequences of his plea of guilty," and was "unaware . . . that he has a good meritorious defense" (Mot. to Withdraw Plea, Gill Decl. Ex. B, at 2-3) because he "take[s] medication" (id. at 5), is – exactly as the Appellate Division held – "conclusory" and refuted by the record. Jones, 778 N.Y.S.2d at 277. The state trial judge who initially rejected the motion observed Jones at his guilty plea, and her factual determination that Jones understood the consequences of his plea is entitled to great deference. The state courts' determination that Jones's plea was intelligent and voluntary thus cannot be described as an unreasonable application of the governing Supreme Court precedents.

Accordingly, the petition for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: New York, New York
February 28, 2006

GERARD E. LYNCH
United States District Judge

3